FRANK McNEELY v. THE STATE.

No. 3321.   Decided February 7, 1906.

1.—Local Option—Evidence—Opinion of Witness.

Where upon a trial for a violation of the local option law it became a material fact whether a package taken from the express office contained whisky, and there was no other proof as to what said package contained, the admission of testimony of a witness that he did not know what it contained, but that it was his opinion that it contained whisky, should have been excluded upon objection made by defendant.

2.—Same—Ignorance of the Law—Evidence.

On a trial for a violation of the local option law there was no error to exclude the testimony offered by defendant that he was told by others that the

only way to get the package out of the express office was to get an order for it, unless he simply furnished the money to the party to whom he gave the order to pay the same out for defendant.

Appeal from the County Court of Fannin. Tried below before Hon. Tom C. Bradley.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

No brief for appellant has reached the hands of the Reporter.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was convicted of violating the local option law, and his punishment fixed at a fine of $25 and twenty days confinement in the county jail; hence this appeal.

As we gather from the record, more from inference than direct statement, a package was sent to appellant's address, through the express company, alleged to contain a gallon of whisky; that Brown (appellant's stepson, procured appellant to give Brown an order on the express company for the package. Appellant not being able to write, the order was written and signed with appellant's name by Bob Ross. Brown went to the express office, paid the express charges due, $3.40, and took the package. Under the authorities this would constitute a sale. But the material question presented arises on the admission of testimony, which is presented by bill of exceptions, as follows: While witness Elbert Taylor was on the stand, testifying on behalf of the State, the county attorney propounded the following question: "What did the box or package that you delivered to Evans Brown on the order of this defendant, and which had been consigned to this defendant, contain?" To which question defendant objected, because it called for the conclusion of the witness; which objection the court overruled, and required witness to answer said question. Witness answered, "I do not know what was in the package. I have no way of knowing what it contained." The county attorney then asked the following question: "Don't you know that that package contained whisky?" To which defendant objected, because it called for the conclusion of the witness, without giving any fact, or reason upon which to base such opinion, as he had already stated he had no way of knowing. Which was overruled, and the witness answered: "Yes, my opinion is that it was whisky." Which answer defendant objected to, and asked that the jury be instructed not to consider the same for such reasons. We do not believe that said testimony as disclosed by the above bill of exceptions was admissible. It was a material fact to be proved as to whether the article contained in the package was whisky, as the prosecution was predicated on a sale of whisky. We have examined the record to ascertain if aside from this objectionable testimony there was evidence showing the package did contain whisky, and we have failed to find such testimony. The

express company's book calls it a package, without disclosing what it contained. It might be, if there was testimony placing this matter beyond controversy, the admission of this evidence would not be error; but if it was an issuable fact, this character of testimony might be calculated to influence the jury. True appellant says that he knew it was whisky that Brown (his stepson) wanted. Still he did not know the contents of the package, much less did he know that it contained whisky. So far as we are advised he never saw the package. As heretofore suggested he did not order the package. It occurs to us 'that the admission of this character of testiomny was error.

We do not believe it was error on the part of the court to exclude the testimony offered by appellant to the effect that he was told by others that the only way to get the package out was for him to give an order for it as was done. Of course, if he gave the order to his stepson and furnished the money to his stepson to pay the same out for himself (appellant) there would be no violation of the law on his part. But if he gave the order, as heretofore suggested, to enable his stepson to pay it out on his own account, it would be a sale. Ashley v. State, 10 Texas Ct. Rep., 271; Ellington v. State, 12 Texas Ct. Rep., 800. For the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*